UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re KAY BEE KAY PROPERTIES,
LLC,

        Debtor,

_____/

Case No. 2:20-cv-10950

HONORABLE STEPHEN J. MURPHY, III

SAID TALEB,

        Appellant,

v.

STUART A. GOLD,

        Appellee.

_____/

**OPINION AND ORDER GRANTING**
**APPELLEE'S MOTION TO DISMISS THE APPEAL [3]**

Appellant Said Taleb is a creditor of Debtor. ECF 4, PgID 807. Appellant filed a notice of appeal and sought review of an order from the United States Bankruptcy Court for the Eastern District of Michigan that denied Appellant's objection to the Trustee's final report and application for both the Trustee and Trustee's counsel's final compensation and reimbursement. ECF 1. But before Appellant filed a brief, Appellee Stuart A. Gold ("Trustee") moved to dismiss the appeal as moot. ECF 3. The Court reviewed the briefs and finds a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f); Fed. R. Bankr. P. 8013(c). For the following reasons, the Court will grant the motion to dismiss the appeal as moot.

1

## BACKGROUND

Debtor was a company owned and managed by Keith Kramer. ECF 4, PgID 182. Before Debtor's bankruptcy, Appellant worked as Kramer's General Counsel and Vice President. *Id.* Kramer, however, later falsely accused Appellant of forgery and embezzlement. *Id.* at 183–84. Appellant then obtained a $793,333.33 arbitration judgment against Debtor and Kramer, jointly and severally, for the false accusations. *Id.* at 191. Shortly after, Debtor filed for Chapter 11 relief.[1] In the bankruptcy case, Appellant made an allowed general unsecured claim for $793,333.33. *Id.* at 807.

But as the bankruptcy case continued, the Trustee's final report proposed paying $9,209.61 of Appellant's $793,333.33 claim. *Id.* Appellant then appealed and sought review of multiple bankruptcy court orders: (1) the order that overruled Appellant's objection to the Trustee's final report and application for final compensation and reimbursement, ECF 1, PgID 7; (2) the order that granted Gold, Lange & Majoros, P.C.'s[2] second and final application of attorney fees and expenses, *id.* at 11; and (3) the order that granted the Trustee's compensation and reimbursement for expenses, *id.* at 13.[3]

---

[1] The Chapter 11 ultimately failed and converted to a Chapter 7. *Id.* at 148.

[2] Gold, Lange, & Majoros, P.C. is the Trustee's counsel. *Id.* at 11.

[3] Appellant also appealed document 141 on the bankruptcy court docket. ECF 1, PgID 2. But document 141 is a certificate of distribution by the Trustee and not a bankruptcy court order. *See In re Kay Bee Kay Properties, LLC*, No. 15-46666-tjt, ECF No. 141 (Bankr. E.D. Mich. Apr. 2, 2020). And because document 141 is not a final order issued by the bankruptcy court, the Court cannot review it. 28 U.S.C. § 151(a)(1).

Appellant, however, never obtained a stay in the bankruptcy court, so the Trustee administered the entire bankruptcy estate. *See In re Kay Bee Kay Properties, LLC*, No. 15-46666-tjt (Bankr. E.D. Mich. Dec. 14, 2020) ("Final Decree: The bankruptcy estate has been fully administered. The bankruptcy court has decreed that Trustee Stuart A. Gold is discharged as trustee of the estate and the bond is cancelled and the chapter 7 case is closed."). In the end, the bankruptcy court discharged the Trustee and closed the case while the appeal was pending. *Id.*

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule of Civil Procedure 12(b)(1) allows a case to be dismissed for "lack of subject-matter jurisdiction." When a defendant challenges subject-matter jurisdiction, the plaintiff bears the burden of proving jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). Under Rule 12(b)(1), a party may move to dismiss a bankruptcy appeal as moot. *In re City of Detroit*, 2015 WL 5697702, at *3 (E.D. Mich. Sept. 29, 2015), *aff'd*, 838 F.3d 792 (6th Cir. 2016).

## DISCUSSION

The Trustee raised two grounds for Rule 12(b)(1) dismissal: constitutional and equitable mootness. ECF 3, PgID 23–31. Because constitutional mootness is a jurisdictional limit on the Court's power, the Court must address it first. *Pettrey v.*

3

*Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009) (explaining that once a case no longer involves a live controversy it is outside the jurisdiction of federal courts); *see Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–26 (2014) (explaining that dismissal on "prudential, rather than constitutional [grounds] . . . is in some tension with our recent affirmation of the principle that a federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging") (internal quotations and citations omitted).

I. <u>Constitutional Mootness</u>

Federal courts may only adjudicate actual cases and live controversies. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 550 (6th Cir. 2003) (internal quotations omitted).

An appeal is constitutionally moot when events during the pending appeal make it "impossible for the court to grant any effectual relief whatever . . . ." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (quoting *Church of Scientology Cal. v. United States*, 506 U.S. 9, 12 (1992)) (internal quotations omitted). But "even the availability of a partial remedy is sufficient to prevent [a] case from being moot." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (citing *Church of Scientology of Cal.*, 506 U.S. at 13) (internal quotations omitted). For that reason, "[t]he party moving for dismissal on mootness grounds bears a heavy burden." *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012)

4

(internal citations and quotations omitted). The Court must determine whether there is a live case or controversy over the three orders on which Appellant seeks review.

### A. Order Granting Gold, Lang & Majoros, P.C.'s Second and Final Application of Attorney Fees and Expenses

The Court will dismiss the appeal of the bankruptcy court's order granting Gold, Lang & Majoros, P.C.'s second and final application of attorney fees and expenses. ECF 1, PgID 11. The appeal is constitutionally moot because the Court cannot grant any effective relief to Appellant. *See Coal. for Gov't Procurement*, 365 F.3d at 458 (citation omitted). Simply put, the bankruptcy court's order granted fees and expenses to Gold, Lange & Majoros, P.C., an entity that is not a party to the appeal. *See id.* at 11. And the "[C]ourt lacks power to compel non-parties to return funds." *Pookrum v. Bank of Am., N.A.*, 512 B.R. 781, 786 (D. Md. 2014).

Even if the Court overturned the order, the Court is powerless to compel Gold, Lange & Majoros, P.C. to return any funds. *Id.* Because "[e]ffective relief is impossible if funds have been disbursed to persons who are not parties to the appeal[,]" the Court will dismiss the appeal of the order as constitutionally moot. *In re Blumer*, 66 B.R. 109, 113 (B.A.P. 9th Cir. 1986).

### B. Order Overruling Appellant's Objection to the Trustee's Final Report and Application for Final Compensation and Reimbursement

Next, the Court will dismiss the appeal of the bankruptcy court's order overruling Appellant's objection as constitutionally moot. ECF 1, PgID 7. In sum, the

Court cannot offer any effective relief to Appellant because Appellant never obtained a stay.

Without a stay, the Trustee ultimately administered the entire bankruptcy estate, the bankruptcy court discharged the Trustee, and then closed the case. *In re Kay Bee Kay Properties, LLC*, No. 15-46666-tjt (Bankr. E.D. Mich. Dec. 14, 2020). If Appellant had obtained a stay, then he would have avoided those events. But without a stay, "the appeal becomes moot because a reviewing court cannot fashion a remedy . . . ."" *In re Reynolds*, 455 B.R. 312, 319–20 (D. Mass. 2011).

In short, the events that took place after the appeal have made "it impossible for the Court to grant any effectual relief" on the order. *In re Fontainebleau Las Vegas Holdings, LLC*, 434 B.R. 716, 740 (S.D. Fla. 2010) (emphasis in original) (citation omitted). The Court will deny the appeal of the bankruptcy court's order denying Appellant's objection as constitutionally moot.

   C. *Order Granting the Trustee's Fee and Expenses*

But, the Court finds that the appeal of the bankruptcy court's order granting the Trustee's fee and expenses is constitutionally ripe because the Trustee is a party to the appeal. ECF 1, PgID 2. And the Court may reverse the bankruptcy court order and require the Trustee to return money back to the bankruptcy estate. *Pookrum v. Bank of Am., N.A.*, 512 B.R. 781, 786 (D. Md. 2014) ("When funds have been distributed only to parties, the issue is not constitutionally moot.").

Admittedly, the Trustee could only return the money to the bankruptcy estate if the bankruptcy court reopens the case. And the decision to reopen the bankruptcy

6

case is within the discretion of the bankruptcy court. *In re Romano*, 59 F. App'x 709, 711–12 (6th Cir. 2003). Yet, bankruptcy courts routinely reopen cases to administer later-discovered assets in the bankruptcy estate. *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008). To that end, if the Court reverses the order, then the bankruptcy court would reopen the case to deal with newfound money. The appeal is therefore constitutionally ripe because it is not "impossible for the court to grant any effectual relief[.]" *Coal. for Gov't Procurement*, 365 F.3d at 458 (citation omitted). But the Court must still address whether the appeal of the order is equitably moot.

II.     Equitable Mootness of the Order Granting Trustee's Fee and Expenses

The difference between constitutional and equitable mootness is the "*inability* to alter the outcome (real mootness) and *unwillingness* to alter the outcome (equitable mootness)." *Matter of UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir. 1994) (Easterbrook, J.) (emphasis in original) (internal quotations omitted). In other words, equitable mootness "preserv[es] interests bought and paid for in reliance on judicial decisions and avoid[s] the pains that attend any effort to unscramble an egg[.]" *Id.*

Although equitable mootness is more common in reorganizations, many courts have employed equitable mootness principles in Chapter 7 liquidations. *See, e.g.*, *In re McDonald*, 471 B.R. 194, 196–97 (E.D. Mich. 2012); *In re Connolly N. Am., LLC*, 432 B.R. 244, 250–51 (E.D. Mich. 2010). Equitable mootness applies "when the appellant has failed to obtain a stay and although relief is possible[,] the ensuing

7

transactions are too complex and difficult to unwind." *In re PW, LLC*, 391 B.R. 25, 33 (B.A.P. 9th Cir. 2008) (internal quotations and citations omitted).

In Chapter 7 liquidations, courts weigh three factors to determine equitable mootness. The first, "most important factor" asks "whether the relief requested [on appeal] would affect either the rights of parties not before the court or the success of the [liquidation] plan[.]" *In re Connolly N. Am., LLC*, 432 B.R. at 251 (citation omitted). The second factor focuses on "whether a stay has been obtained." *Id.* (citation omitted). And the third examines whether the liquidation plan "has been substantially consummated." *Id.* (citation omitted). The Court will address each factor in turn.

> A. *Requested Relief's Effect on Rights of Other Parties or Success of the Liquidation Plan*

First, Appellant has not filed his opening brief, but in his response brief Appellant states that he wants the Court to "revers[e] and remand [the] fee order []." *See* ECF 5, PgID 907. Although the Court can reverse the order, a reversal would require reopening the bankruptcy case and rehearing the Trustee's motion for fees and expenses. Reversal would also require the bankruptcy court to adjudicate an entire adversarial proceeding. *See* Fed. R. Bankr. P. 7001(1) (explaining that "a proceeding to recover money" is an adversarial proceeding). Plus, the Trustee would inevitably accrue higher fees and expenses—not to mention attorney's fees. And this action would likely risk altering the distributions of other parties not on the appeal. Even more to the point, reversal would up-end an already-successful liquidation plan. The first factor therefore favors a finding of equitable mootness.

  *B. Stay Obtained and Substantial Consummation of the Liquidation Plan*

The Court will address the final two factors together. Although failure to seek a stay "is not necessarily fatal[,]" *City of Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1225–26 (6th Cir. 1995), the second factor still weighs against Appellant. Appellant never obtained a stay pending appeal. Without a stay, the Trustee continued her work and administered all the estate's property. *See In re Kay Bee Kay Properties, LLC*, No. 15-46666-tjt (Bankr. E.D. Mich. Dec. 14, 2020). In turn, the bankruptcy court dismissed the case and in doing so the automatic stay terminated. 11 U.S.C. § 362(c)(2)(B). And, finally, given that the Trustee fully administered the estate according to the Trustee's final report, the Court finds that the third factor—substantial consummation of the plan—is easily satisfied.

Because all three factors favor a finding of equitable mootness, the Court will find that the appeal of the order granting the Trustee's fee and expenses, ECF 1, PgID 13, is equitably moot. And accordingly, the Court must dismiss the entire appeal.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Appellee's motion to dismiss the appeal [3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the appeal is **DISMISSED** as moot.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 22, 2020

9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 22, 2020, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager