UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re KEITH BRADLEY KRAMER,

        Debtor,

                                /

Case No. 2:20-cv-10152

HONORABLE STEPHEN J. MURPHY, III

SAID TALEB,

        Appellant,

v.

MILLER CANFIELD PADDOCK AND STONE, PLC and WENDY TURNER LEWIS,

        Appellees.

                                /

In re KAY BEE KAY PROPERTIES, LLC,

        Debtor,

                                /

Case No. 2:20-cv-10950

HONORABLE STEPHEN J. MURPHY, III

SAID TALEB,

        Appellant,

v.

STUART A. GOLD,

        Appellee.

                                /

1

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

Appellant Said Taleb appealed the decisions of the bankruptcy trustee in two related bankruptcy cases. ECF 1; *see also In re Kay Bee Kay Properties, LLC*, Case No. 20-cv-10950, ECF 1. The Court granted motions to dismiss in both cases. ECF 21; *In re Kay Bee Kay Properties*, Case No. 20-cv-10950, ECF 7. Taleb appealed both orders to the United States Court of Appeals for the Sixth Circuit, which reversed as to both cases and remanded the cases for the Court to consider objections in them, ECF 26. The Court will reconsider Taleb's objections to the bankruptcy awards in both cases in accord with the Sixth Circuit's instructions.[1]

## BACKGROUND

I.  Initial Bankruptcies

Taleb worked for Keith Kramer's real estate business. ECF 6, PgID 320. Kramer accused Taleb of embezzlement and forgery. *Id.* at 320–21. After an arbitration of claims, Taleb received a judgment for almost $800,000 against Kramer and Kramer's business. *Id.* at 322.

Taleb, however, did not receive the $800,000, because Kramer went bankrupt. *Id.* at 133. Kramer's bankruptcy resulted in two Chapter 7 liquidation cases: a personal liquidation (for Kramer himself), Case No. 20-cv-10152 (the present case), and a business liquidation (for Kramer's business), *In re Kay Bee Kay Properties*, Case

---

[1] The Court will decide the motion on the briefs and without a hearing, which is unnecessary. *See* E.D. Mich. LR 7.1(f); Fed. R. Bankr. P. 8013(c).

No. 20-cv-10950.[2] Appellee Wendy Lewis was the trustee for the personal liquidation case, ECF 6, PgID 88, and Stuart Gold was the trustee for the business liquidation case. *See In re Kay Bee Kay Properties*, Case No. 20-cv-10950, ECF 1, PgID 2.

II.     Personal Liquidation Case

Taleb hired Appellee Miller Canfield Paddock & Stone to represent him and made a claim for the $800,000 judgment amount in the personal liquidation case. ECF 6, PgID 133; ECF 7, PgID 7193. But after Taleb stopped paying Miller Canfield, that law firm obtained an attorney's lien for $94,586.16 on whatever proceeds Taleb ultimately recovered in the personal liquidation case. ECF 6, PgID 255–56. In a separate State court proceeding, the State court found that both Miller Canfield and Turfe Law, the firm that previously represented Taleb, were entitled to attorney's liens on whatever amount Taleb ultimately recovered in the personal liquidation case. *Id.* at 71. And after it found that Miller Canfield had priority, the State court ordered Trustee Lewis to (1) pay Miller Canfield out of the amount Taleb received in the personal liquidation case and (2) hold the remainder in Miller Canfield's IOLTA account. *Id.*

Lewis issued a final report and awarded $231,230.12 to Taleb in Kramer's personal bankruptcy. *Id.* at 133. Taleb objected to the final report, Lewis's request for fees, and Lewis's counsel's request for fees. *Id.* at 50. But the bankruptcy court overruled Taleb's objections and approved the award. *Id.* The bankruptcy court also

---

[2] Both liquidation cases were originally classified as Chapter 11 bankruptcy proceedings, but they both failed and were reclassified as Chapter 7 liquidations. ECF 6, PgID 189; *In re Kay Bee Kay Properties*, Case No. 20-cv-10950, ECF 4, PgID 148.

3

granted Lewis's request for fees and Lewis's counsel's request for fees. ECF 1, PgID 10, 12. And because of the State court's order, all that remained of Taleb's award went to Miller Canfield. ECF 6, PgID 117; ECF 12-3, PgID 7263. On September 2, 2020, the bankruptcy court administered Kramer's estate and discharged Lewis as trustee. ECF 16, PgID 7643.

Taleb appealed the bankruptcy court's decision to this Court. ECF 1. He filed a notice of appeal within fourteen days of the bankruptcy court's ruling, as required by Federal Rule of Bankruptcy Procedure 8002(a)(1). *Id.* at 2. And he listed his own counsel, Lewis's counsel, Kramer, and himself as "parties to the Judgment." *Id.* at 2–3. Notably, he did not list Lewis as a party. *See id.* But Taleb requested that the Court review three of the bankruptcy court's orders: (1) the order overruling Taleb's objection to Lewis's final award and Lewis's request for fees, (2) the order granting Lewis's request for fees, and (3) the order granting Lewis's attorneys' request for fees. *Id.* at 2.

Taleb also filed his notice of appeal on an incorrect form, so the bankruptcy court ordered him on January 21, 2020 to refile his notice of appeal on the correct form within fourteen days. ECF 1, PgID 16. Taleb filed an amended notice of appeal within fourteen days. ECF 6, PgID 54–56. At that time, he requested that the Court review only the bankruptcy court's order overruling his objection to Lewis's final report. *Id.* at 54. Taleb also added Miller Canfield, Miller Canfield's attorney, and Lewis as parties. *Id.*

4

Lewis and Miller Canfield jointly moved to dismiss the appeal as constitutionally and equitably moot. ECF 7. After a hearing, the Court granted the motion and made three findings. ECF 21. First, treating the first notice of appeal as the operative notice, the Court dismissed the appeal against Miller Canfield because the first notice of appeal did not list Miller Canfield as an appellee. *Id.* at 7968. Second, the Court dismissed the objection to Lewis' final award as constitutionally moot because Taleb failed to seek a stay in the bankruptcy court. *Id.* at 7971. Last, the Court dismissed the objection to the bankruptcy court's award of fees to Lewis as equitably moot. *Id.* at 7975.

III. <u>Business Liquidation Case[3]</u>

Taleb also made a claim for the $800,000 arbitration judgment in the business liquidation case. *See* ECF 4, PgID 802; *see also In re Kay Bee Kay Properties*, No. 15-46666, 618 B.R. 486, 489 (Bankr. E.D. Mich. 2020). Trustee Gold issued a final report and awarded $9,209.61 to Taleb. *In re Kay Bee Kay Properties*, No. 15-46666, 618 B.R. at 489. The bankruptcy court approved the award and closed the case. *See id.*

Taleb appealed the bankruptcy court's decision to this Court. ECF 1. Gold moved to dismiss the appeal as moot. ECF 3. The Court granted the motion to dismiss and held that Taleb's objection to Gold's final report was constitutionally moot because Taleb "never obtained a stay" of the bankruptcy court proceedings. ECF 7, PgID 1023–24. Second, the Court found that the objection to the bankruptcy court's

---

[3] All ECF citations in this section will refer to documents on the docket of *In re Kay Bee Kay Properties*, Case No. 20-cv-10950.

grant of attorney's fees to Gold's counsel was constitutionally moot because Gold's counsel was "not a party to the appeal." *Id.* at 1024. And third, the Court found that Taleb's objection to the bankruptcy court's grant of fees to Gold was constitutionally ripe but equitably moot. *Id.* at 1027.

IV.    Sixth Circuit Appeal and Remand

Taleb appealed the Court's orders in both cases to the Sixth Circuit. ECF 23; *see also In re Kay Bee Kay Properties*, Case No. 20-cv-10950, ECF 9. The Sixth Circuit considered them together. ECF 26, PgID 8022. The Sixth Circuit reversed the Court's decision and remanded the case with instructions to reconsider four specific objections—three in the personal liquidation case and one in the business liquidation case. ECF 26; 27; 28.

    A.    *Personal Liquidation Case*

As to the personal liquidation case, the Sixth Circuit concluded that the Court erred in holding that Taleb's objections to the final bankruptcy award were constitutionally moot. ECF 26, PgID 8031. The Sixth Circuit held that Taleb's failure to seek a stay did not make his objections constitutionally moot. *Id.* at 8032 (citing *Taunt v. Vining*, 403 F.3d 410, 415 (6th Cir. 2005). The Sixth Circuit remanded the case for the Court to reconsider Taleb's objections to the final bankruptcy award. *Id.* at 8033.[4]

---

[4] The Sixth Circuit addressed two other issues—(1) whether the Court erred in holding that Lewis' attorneys were not parties to the appeal and (2) whether the Court erred in holding that Taleb's appeal of the order granting Lewis fees was equitably moot—but declined to decide those issues because Taleb did not list the

6

B.   *Business Liquidation Case*

As to the business liquidation case, the Sixth Circuit concluded that the Court erred in holding that Taleb's objection to the bankruptcy court's grant of attorney's fees to Gold's counsel was constitutionally moot because failure to list an entity in a notice of appeal does not categorically prevent it from being a party on appeal. ECF 26, PgID 8033 (citing *Int'l Union, United Auto. Aerospace & Agric. Implement Workers of Am. v. United Screw & Bolt Corp.*, 941 F.2d 466, 471 (6th Cir. 1991)). The Sixth Circuit therefore remanded for the Court to "evaluate the merits of Taleb's objections" to the bankruptcy court's grant of attorney's fees to Gold's attorneys. *Id* at 8034. The Sixth Circuit also held that Taleb's objection to Gold's final report was not constitutionally moot based on Taleb's failure to seek a stay. *Id.* at 8035. Thus, the Sixth Circuit remanded for the Court to consider Taleb's objection to Gold's final report. *Id.* Last, the Sixth Circuit held that Taleb's objection to the order granting fees and costs to Gold was not equitably moot and remanded for the Court to consider the merits of Taleb's claim that Gold received fees and costs that were "too high for the work [he] performed as a trustee." *Id.* at 8040.

## LEGAL STANDARD

The Court has jurisdiction to hear appeals of bankruptcy cases and proceedings. 28 U.S.C. § 158(a). "A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed de

---

granting of fees to Lewis and her attorneys as issues for appeal in the personal liquidation proceedings. *See* ECF 26, PgID 8031.

7

novo." *In re A.P. Liquidating Co.*, 350 B.R. 752, 754 (E.D. Mich. 2006) (emphasis omitted).

## DISCUSSION

The Sixth Circuit directed the Court to address four issues on remand. The Court will address each in turn.

I. <u>Taleb's Objections to the Personal Liquidation Award</u>

Lewis issued a final award in the personal liquidation case and awarded $231,230.12 to Taleb. ECF 6, PgID 133. Taleb objected to the final award on three grounds. ECF 15-10. First, he claimed that Kramer filed the case in bad faith and before making any "attempt to pay the debt" or "proposing a plan of reorganization." *Id.* at 7632. Second, Taleb claimed that the fees granted to Lewis's counsel were unreasonable because they "were incurred [in] a case where discharge could not be entered," which meant that creditors like himself could not "obtain satisfaction of claims outside of bankruptcy." *Id.* Third, Taleb argued that the final award unjustly enriched Miller Canfield because Miller Canfield's representation was "deficient." *Id.* at 7633. The bankruptcy court overruled Taleb's objections and approved the award. ECF 13-6, PgID 7299. The Court now reviews each of the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *In re A.P. Liquidating Co.*, 350 B.R. at 754.

A. *Objection #1: Bad Faith*

Taleb objected to the final award and claimed that it was invalid because Kramer allegedly filed the personal liquidation case in bad faith. ECF 13-3, PgID

8

7280; *see also* ECF 15-10, PgID 7632. But whether a debtor has acted in good faith is a question of fact. *In re Barrett,* 964 F.2d 588, 591 (6th Cir. 1992). And because the Bankruptcy Court has not ruled on the issue, the Court cannot address it. *See In re Shefa,* LLC, 535 B.R. 165, 179 (E.D. Mich. 2015) (declining to address whether the debtor filed for bankruptcy in bad faith because "[a] reviewing court may not, however, decide factual issues not addressed by the bankruptcy court") (quoting *In re Robinson,* 987 F.2d 665, 669 (10th Cir. 1993)). The Court will decline to decide the issue of whether Kramer filed the personal bankruptcy case in bad faith.

What is more, even assuming Kramer filed the case in bad faith, Taleb provided no authority—and the Court can find none—for the proposition that a bankruptcy trustee's award is invalid if the initial bankruptcy complaint was filed in bad faith. *See* ECF 15-10; ECF 13-3, PgID 7281 (admitting that the bankruptcy code "does not specifically mention 'bad faith'"). Taleb cited a Fourth Circuit case for the proposition that "the absence of [good faith] may constitute cause for dismissal" because good faith is "an implicit prerequisite to the right to file" a bankruptcy petition. ECF 13-3, PgID 7281 (citing *Carolin Corp. v. Miller*, 886 F.2d 693, 698 (4th Cir. 1989)). But setting aside the fact that *Carolin Corp.* is not binding on the Court, the case only establishes that the absence of good faith *may* result in dismissal, not that it must. *See Carolin Corp.*, 886 F.2d at 698 (noting that 11 U.S.C. 112(b) provides that a court may either convert a case under Chapter 11 to a case under Chapter 7 or dismiss it for cause). Importantly, *Carolin Corp.* also did not address whether a

9

finding of bad faith invalidates an award after the bankruptcy proceeding ends. *See id.* Taleb's objection fails.

Moreover, no evidence suggests that Lewis's award was based on any alleged bad-faith filings by Kramer. Indeed, as the bankruptcy court noted, Lewis's final award "substantially benefited" Taleb by awarding "a total of $231,230.12" on his claim. ECF 13-6, PgID 7302. And the bankruptcy court awarded Lewis and her counsel their requested fees precisely because of her satisfactory work. *Id.* at 7303. Even assuming Kramer filed the initial bankruptcy case in bad faith, no evidence supports invalidation of Lewis's final award on that basis. In sum, Taleb's objection fails. The Court will affirm the bankruptcy court's order overruling Taleb's objection to Lewis's final award in the personal liquidation case.

B. *Objection #2: Fees Awarded to Lewis's Counsel*

Taleb next objected that after the bankruptcy court found Kramer "was not eligible for discharge," the case was moot and that awarding fees was invalid. ECF 13-3, PgID 7280.[5]

Under 11 U.S.C. § 727(b), a bankruptcy court may "discharge a debtor from all debts." That provision, however, is not without exception. *See generally* 11 U.S.C. § 727(a)(1)–(12) (list of exceptions). Here, the bankruptcy court denied Kramer eligibility for discharge under the exception in 11 U.S.C. § 727(a)(8), which provides

---

[5] Taleb also argued on appeal that the fees awarded for Lewis' counsel were "unreasonable, excessive[,] and unjustified" because the case "should have been dismissed from the beginning as not having been filed in good faith." ECF 13-3, PgID 7280. The Court will not consider that argument, however, because it has already addressed the bad-faith claim.

10

that the bankruptcy court cannot grant discharge if "the debtor has been granted a discharge . . . under section 1141 . . . in a case commenced within [eight] years before" the present case was filed. 11 U.S.C. § 727(a)(8); ECF 13-4, PgID 7293–94. Since Kramer "received a discharge under 11 U.S.C. § 1141[] . . . in a case that was commenced within [eight] years before the April 28, 2015 filing of this case," Kramer was not entitled to discharge. *Id.* at 7293. Taleb argued that the bankruptcy court's denial of a discharge mooted the entire liquidation proceeding. ECF 13-3, PgID 7284 (citing *In re Martinez*, 500 B.R. 608 (Bankr. N.D. Cal. 2013)). The bankruptcy court overruled Taleb's objection and granted fees to Lewis's counsel. ECF 13-6, PgID 7302–03, 7309.

The Court agrees with the bankruptcy court. *Martinez*, which is not binding on the Court, does not stand for the proposition that a denial of discharge moots a bankruptcy case. Instead, *Martinez* held only that the denial of discharge mooted a creditor's claim against a debtor that was specifically seeking a denial of discharge. *Martinez*, 500 B.R. at 635. And Taleb offered no other authority for why the denial of discharge renders the entire proceeding moot.

Moreover, the bankruptcy court did not clearly err in finding Lewis's counsel's fees reasonable. Indeed, the reasonableness determination was based on "the nature, the extent, and the value of such services, taking into account all relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary to the administration" of a case "whether the services were performed within a reasonable amount of time," the officer's

11

professional experience, and "whether compensation is reasonable" when compared to similarly skilled practitioners in other cases. 11 U.S.C. § 330(a)(3). The bankruptcy court concluded that, "[c]onsidering all the relevant factors, the . . . fees and expenses requested by [] [Lewis] and by [Lewis's] counsel are clearly reasonable" because their work "substantially benefited the unsecured creditors, including Said Taleb." ECF 13-6, PgID 7303. No evidence suggests otherwise. *See* ECF 6. The bankruptcy court was in the best position to determine the reasonableness of fees based on its observation of Lewis's performance. Because the record supports the bankruptcy court's finding that Lewis' counsel's fees were reasonable, the Court will affirm the finding.

        C.    *Objection #3: Fees Awarded to Miller Canfield*

Taleb raised three arguments in his objection to Miler Canfield's fee award. First, Taleb argued that the final award unjustly enriched Miller Canfield because its representation of him was "deficient" due to the firm's failure to object to the "exorbitant" fees granted to Lewis's counsel and for wasting a "substantial amount of time . . . recovering an *Exempt* IRA." ECF 15-10, PgID 7633; ECF 13-3, PgID 7285 (emphasis in original). Second, Taleb argued that Miller Canfield improperly accepted Taleb's award amount despite allegedly agreeing "to accept a fee reduction pursuant to the stipulation and order entered January 2, 2017." ECF 15-10, PgID 7633. And third, Taleb argued that the bankruptcy court improperly determined the amount of fees given to Miller Canfield because the Wayne County Circuit Court had

12

previously reserved jurisdiction to decide the issue of fees. *Id.* The Court will consider Taleb's arguments in turn.[6]

First, Miller Canfield's representation of Taleb was not deficient because the firm failed to object to the fees granted to Lewis's counsel. ECF 13-3, PgID 7285. As noted above, the fees granted to Lewis's counsel were reasonable, not exorbitant. And Miller Canfield was not deficient for failing to raise a meritless objection.

Next, Miller Canfield did not waste "[a] substantial amount of time . . . recovering an Exempt IRA." ECF 13-3, PgID 7285 (emphasis omitted). Kramer listed four individual retirement (IRA) accounts on his initial bankruptcy filing. ECF 13-9, PgID 7354–55; ECF 15-9, PgID 7612. After issuing subpoenas to the financial institutions that held the accounts, questioning Kramer, issuing discovery, and reviewing the relevant documentation, Miller Canfield discovered that one of the four accounts—worth $278,333.43—was not subject to the bankruptcy proceedings. *See, e.g.,* ECF 13-9, PgID 7355–56; *see Clark v. Rameker*, 573 U.S. 122, 129 (2014). And because it was exempt from the proceeding, Miller Canfield was able to recover the $278,333.43 on Taleb's behalf. Miller Canfield's successful recovery on behalf of Taleb was not a waste of time and is certainly not an example of deficient representation. The Court will therefore overrule Taleb's first objection and affirm the bankruptcy court.

---

[6] As with his second argument, Taleb argued on appeal that the fees awarded for Lewis' counsel were "unreasonable, excessive[,] and unjustified" because the case "should have been dismissed from the beginning as not having been filed in good faith." ECF 13-3, PgID 7280. The Court will not consider that argument because the Court has already addressed the bad-faith claim.

13

As to the second objection, the January 2, 2017 stipulation did not contain a fee reduction. That stipulation—which was between Miller Canfield and Lewis—granted Miller Canfield an administrative expense award. ECF 6, PgID 272. The stipulation did not represent a fee reduction agreement between Taleb and Miller Canfield. *See id.* And Taleb offered no evidence of the alleged fee agreement. *See* ECF 13-3. The Court will thus overrule Taleb's second objection and affirm the bankruptcy court.

Third, the bankruptcy court did not improperly determine the amount of Miller Canfield's fees. The State court's order provided that "the proceeds from the Kramer bankruptcy proceeding distributed to [] Taleb as an unsecured creditor shall be deposited into Miller Canfield's IOLTA pending further order of this [c]ourt." ECF 6, PgID 282. It also ordered that "the amount to be held in escrow shall be net of the attorney fees and related costs incurred by Miller Canfield in representing [] Taleb both in the Bankruptcy Court and in these proceedings before both the Circuit Court and the Court of Appeals." *Id.* At no point did the State court reserve exclusive jurisdiction to determine the Miller Canfield fee amount. *See id.* Indeed, the State court order did not even mention Miller Canfield's fee amount. Rather, the order stated that the proceeds generally should be held in the IOLTA until the court reviewed the award and issued another order. Taleb's third objection is accordingly inapposite. The Court will overrule Taleb's third objection and affirm the bankruptcy court.

II.     Taleb's Objections to the Business Liquidation Award[7]

Stuart Gold, the trustee in the business liquidation case, issued a final award that granted $5,246.58 (as well as an additional $50 in costs) to Gold for his work as trustee and $6,411.50 to the firm that represented him, Gold, Lange & Majoros, P.C. ECF 4, PgID 806. The award also gave $9,209.60 to Taleb. *Id.* at 807.

Taleb objected to the fees awarded to Gold and Gold's attorneys and argued that the fees awarded were "not necessary or beneficial" and should be denied. *Id.* at 809–10. He claimed that Gold, instead of "taking the appropriate action" to remedy Kramer's allegedly bad-faith actions, "either recklessly omitted to take action and/or actively engaged in conduct that benefitted [Kramer]." *Id.* at 809. Taleb also claimed that Gold "failed to discover relevant assets" and "failed to properly dispose of all [] the Estate's assets." *Id.* The bankruptcy court overruled Taleb's objection because he made "only very vague and general allegations that are wholly unsupported by any specific details, substantiation, or evidence." *Id.* at 65. The bankruptcy court then granted the award amounts to Gold and Gold's attorneys. *Id.* at 69, 71.

The bankruptcy court did not clearly err in finding the fees reasonable. As the bankruptcy court noted, Taleb offered no evidence that Gold's actions as trustee were improper. *See* ECF 4, PgID 809–10. For instance, Taleb offered no support for his claim that Gold "actively engaged in conduct that benefitted [] [Kramer]." *See id.* at 809. Taleb also provided no support for his claim that Gold "failed to discover relevant

---

[7] All citations in this section will refer to documents on the docket of *In re Kay Bee Kay Properties*, Case No. 20-cv-10950.

assets." *Id.* If anything, the evidence shows that Gold acted diligently as a trustee. Gold consistently reviewed documentation, communicated with Kramer's attorneys, drafted motions, and conferred with creditors to effectively administer the estate and pay the creditors. *See* ECF 4, PgID 586–92 (describing Gold's efforts); *see also id.* at 600–711 (invoices describing the same). Because the bankruptcy court's finding is well-supported, Court will affirm the bankruptcy court and overrule Taleb's objection to the fees granted to Gold and Gold's attorneys in the final business liquidation award.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the bankruptcy court's order overruling Taleb's objections to the final award in the personal liquidation case is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the bankruptcy court's order overruling Taleb's objections to the final award in the business liquidation case is **AFFIRMED**.

This is a final order that closes the case.

**SO ORDERED.**

                                       s/ Stephen J. Murphy, III
                                       STEPHEN J. MURPHY, III
                                       United States District Judge

Dated: March 6, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2024, by electronic and/or ordinary mail.

                                       s/ R. Loury
                                       Case Manager